UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| SARA ALICIA VALDEZ | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | CAUSE NO. 5:21-cv-494 |
| | § | |
| ALLSTATE FIRE AND CASUALTY | § | |
| INSURANCE COMPANY | § | |
| *Defendant.* | § | |

## DEFENDANT ALLSTATE FIRE AND CASUALTY INSURANCE COMPANY'S NOTICE OF REMOVAL

Defendant, Allstate Fire and Casualty Insurance Company, hereby removes this lawsuit which is currently pending in the District Court for the 37th Judicial District of Bexar County, Texas, Cause No. 2021CI08228, to the United States District Court for the Western District of Texas, San Antonio Division, pursuant to 28 U.S.C. §§ 1441 and 1446, on the grounds of diversity of citizenship, and would respectfully show the Court as follows:

### BACKGROUND

1. On April 27, 2021, Plaintiff filed her Original Petition styled *Sara Alicia Valdez v. Allstate Fire and Casualty Insurance Company,* in which Plaintiff alleges a claim for uninsured motorist benefits.[1]

2. Plaintiff served Defendant with Plaintiff's Original Petition and process on May 5, 2021, by E-mail on its registered agent.[2]

---

[1] *See* Exhibit "A", Plaintiff's Original Petition.
[2] *See* Exhibit "B", Transmittal of Citation.

{00692590}

3. Plaintiff asserted a cause of action to recover for damages under an uninsured motorist policy issued by Defendant.[3] Plaintiff affirmatively plead that he seeks damages of "more than $250,000 but not more than $1,000,000."[4]

4. Defendant has not answered the suit in state court.

### GROUNDS FOR REMOVAL

5. This Court has original jurisdiction over this suit based upon 28 U.S.C. § 1332(a) because this suit involves a controversy between citizens of different states, and the amount in controversy, exclusive of interest and costs exceeds $75,000.00.

**A. Parties are Diverse**

6. Plaintiff is a natural person who affirmatively alleges that she is a Texas resident[5] and is believed to be a citizen of Texas because "…for purposes of federal subject-matter (diversity) jurisdiction, as a citizen of but one State. That is the state in which the person is domiciled."[6]

7. Defendant, Allstate Fire and Casualty Insurance Company is a foreign corporation incorporated under the laws of the state of Illinois and its principal place of business is in Cook County, Illinois, located at 2775 Sanders Road, Northbrook, Illinois 60062, and is therefore a citizen of Illinois.[7]

---

[3] *See* Plaintiff's Original Petition, ¶ 8.
[4] *See* Plaintiff's Original Petition, ¶ 11.
[5] *See* Plaintiff's Original Petition, ¶ 2
[6] *O'Neal v. DePuy Synthes Sales, Inc.*, No. 19-CV-1328, 2019 WL 5569615, at *1 (W.D. La. Oct. 28, 2019), *citing Wachovia Bank v. Schmidt*, 126 S. Ct. 941, 951 (2006), and *Acridge v. Evangelical Lutheran Good Samaritan Soc.*, 334 F.3d 444, 451 (5th Cir. 2003).
[7] *Essex Ins. Co. v. Valdez*, No. CIVA SA-07-CV-072-XR, 2007 WL 1438667, at *1 (W.D. Tex. May 1, 2007), *citing* 28 U.S.C. s 1332(c); *Joiner v. Diamond M Drilling Co.*, 677 F.2d 1035, 1039 (5th Cir.1982). ("For the purposes of diversity jurisdiction, a corporation is deemed to be a citizen of both the state in which it is incorporated and of the state where its principal place of business is located.").

**B. Amount in Controversy**

8.  The party seeking federal jurisdiction must prove by a preponderance of the evidence that the amount in controversy exceeds $75,000.00.[8] The removing party may satisfy its burden by either (1) demonstrating that it is "facially apparent" from the petition that the claim likely exceeds $75,000.00, or (2) "by setting forth the facts in controversy—preferably in the removal petition, but sometimes by affidavit—that support a finding of the requisite amount."[9]

9.  Here, it is facially apparent from Plaintiff's petition that the claim exceeds $75,000.00. Specifically, Plaintiff alleges she seeks monetary relief up to $1,000,000.00.[10]

10. Based upon the foregoing, the amount in controversy exceeds $75,000.00.

### REMOVAL IS PROCEDURALLY PROPER

11. This notice of removal is timely filed within thirty (30) after service of process upon Defendant.[11]

12. Venue is proper in this Court under 28 U.S.C. §1441(a) because this District and Division of this Court embraces Bexar County, Texas, the place where the State Court suit was filed.

13. Pursuant to 28 U.S.C. §1446(a), all pleadings, process, and orders served upon Defendant in the state court action are attached herein as Exhibit A and Exhibit B.

14. Pursuant to 28 U.S.C. §1446(d), Defendant will promptly provide a true and correct copy of this Notice of Removal to Plaintiff and to the District Clerk of Brazos County.

---

[8] *Grant v. Chevron Phillips Chem. Co. L.P.,* 309 F.3d 864, 868 (5th Cir. 2002).
[9] *Allen v. R & H Oil & Gas Co.,* 63 F.3d 1326, 1335 (5th Cir. 1995).
[10] *See Plaintiff's Original Petition.,* ¶ 11.
[11] *See* 28 U.S.C. §1441(b)(1).

## PRAYER FOR RELIEF

15. Defendant, Allstate Fire and Casualty Insurance Company prays that the Court accept jurisdiction over the state court action for the reasons set forth above and grant any such other and further relief to which it may show itself justly entitled.

Respectfully submitted,

**VALDEZ & TREVIÑO,
ATTORNEYS AT LAW, P.C.**
Callaghan Tower
8023 Vantage Drive, Suite 700
San Antonio, Texas 78230
Phone: 210–598–8686
Fax: 210–598–8797

 */s/ Jenna S. Ard*
**Robert E. Valdez**
State Bar No. 20428100
revaldez@valdeztrevino.com
**Jenna S. Ard**
State Bar No. 24122143
jard@valdeztrevino.com
*Counsel for Defendant*

## CERTIFICATE OF SERVICE

I do hereby certify that the foregoing instrument was served on the following counsel this 24th day of May 2021, pursuant to Rule 5 of the Federal Rules of Civil Procedure, via email and via e-service in the state court proceeding:

Marcelo Galvan, III
LAW OFFICES OF GEORGE SALINAS
6243 IH-10 West, Suite 955
San Antonio, Texas 78201
mgalvan@salinastriallaw.com
*Counsel for Plaintiff*

 */s/ Jenna S. Ard*
**Jenna S. Ard**
