UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| **SARA ALICIA VALDEZ,** | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL NO. SA-21-CV-00494-XR |
| | § | |
| **ALLSTATE FIRE AND CASUALTY INSURANCE COMPANY,** | § | |
| | § | |
| Defendant. | § | |

# ORDER

On this date, the Court considered the Motion to Dismiss (ECF No. 2) filed by Defendant Allstate Fire and Casualty Company. After careful consideration, the Court will grant in part and deny in part the motion, and will grant Plaintiff leave to file an amended complaint to clarify the nature of her claims.

## Background

Plaintiff Sara Alicia Valdez sued Defendant Allstate Fire and Casualty Insurance Company in state court for uninsured motorist ("UIM") benefits. Plaintiff alleged that she was injured by an uninsured negligent driver and that she is entitled to recover UIM benefits under her insurance contract with Allstate. ECF No. 1-3. Her petition asserts a cause of action for declaratory relief pursuant to Chapter 37 of the Texas Practice and Remedies Code against Allstate, asserting that Allstate is liable to pay UIM benefits under the insurance contract, and a claim for "bad faith and unfair dealing" based on failure to investigate and failure to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the claims once liability was reasonably clear. The petition alleges, "Plaintiff is seeking damages in excess of $250,000 but no

more than $1,000,000." *Id.* ¶ 4.2. Allstate removed on the basis of diversity, and immediately filed a motion to dismiss all of Plaintiff's claims.

Allstate contends that Plaintiff's claims should be dismissed because she does not allege that she has obtained a prior judgment establishing her legal entitlement to recover from the alleged uninsured motorist tortfeasor. Allstate also contends that the extra-contractual claims must be dismissed because Plaintiff does not allege an independent injury, aside from denial of benefits, and that Plaintiff's claims are pled in a conclusory manner.

Plaintiff did not initially respond to the motion, claiming it was not received due to a change in counsel, but sought leave to file a response at the initial status conference. Leave was granted, and Plaintiff has filed a response. In the response, Plaintiff primarily contests the existence of diversity jurisdiction and asks for leave to file a motion to remand, asserting that the amount in controversy does not exceed $75,000, despite the fact that the Court expressly found the amount in controversy requirement satisfied at the initial status conference. In the alternative, Plaintiff asks that she be granted leave to file an Amended Complaint asserting a claim under the federal Declaratory Judgment Act.

## Analysis

### A. Jurisdiction

Plaintiff contends that, although she demanded damages well in excess of $75,000 in her petition, the amount in controversy is controlled by the liability limits in the insurance policy, which is either $30,000 or $50,000.[1] Plaintiff asserts that, when a declaratory judgment action under the insurance policy is brought, and the claim exceeds the applicable policy limits, the policy limits, rather than the larger value of the claim, determine the amount in controversy. ECF

---

[1] In the Rule 26 conference report, the parties represented that the applicable policy limit is $50,000. At the status conference, however, Plaintiff asserted that the policy limit is $30,000.

No. 18 at 3 (citing *Hartford Ins. Grp. v. Lou-Con Inc.*, 293 F.3d 908, 911 (5th Cir. 2002)). Thus, Plaintiff claims, even if she demanded more than the policy limits, the policy limits control the amount in controversy, and the amount in controversy is below $75,000. Plaintiff also asserts that the amount in controversy does not include attorneys' fees because § 37.009 does not apply in federal court, and Allstate has argued that the federal Declaratory Judgment Act does not provide for an award of attorneys' fees.

Allstate responds that the face of the petition establishes that the amount-in-controversy requirement is met, given Plaintiff's demand for damages in excess of $250,000 and her assertion of extra-contractual claims entitling her to potential damages beyond the policy limits. The Court agrees with Allstate that the amount-in-controversy requirement is satisfied.

The removing party has the burden of proving by a preponderance of the evidence that the amount in controversy exceeds $75,000. *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002). Typically, for purposes of diversity removal, "the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy." 28 U.S.C. § 1446(c)(2); *accord Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 87 (2014) ("If the plaintiff's complaint, filed in state court, demands monetary relief of a stated sum, that sum, if asserted in good faith, is 'deemed to be the amount in controversy.'").

To justify dismissal or remand, it must appear to a legal certainty from the face of the petition or from the evidence that the claim is really for less than the jurisdictional amount. *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289 (1938). If an insurance policy limits the insurer's liability to a sum below the jurisdictional threshold, the fact that a claimant wants more money does not increase the amount in controversy. *Hartford Ins. Grp.*, 293 F.3d at 911 (citing *Payne v. State Farm Mut. Auto. Ins. Co.*, 266 F.2d 63, 65 (5th Cir. 1959) (holding that the

jurisdictional amount was controlled by limitation of liability in policy and not by the larger amount of damages)). However, that rule applies only to claims based on the contract; it does not apply to extra-contractual claims.

Allstate contends it was facially apparent from the petition at the time of removal that the amount in controversy exceeded $75,000. Plaintiff's petition asserts two claims: (1) a declaratory judgment claim for UIM benefits and (2) a claim for "bad faith and unfair dealing" based on (a) failure to pay when liability has become reasonably clear and (b) failure to investigate. The prayer requests a judgment "for actual damages, consequential damages, incidental damages, compensatory damages, mental anguish damages, costs of court, and expenses of the lawsuit," and interest and attorneys' fees.

Although Allstate's liability for UIM benefits under the contract may be capped at the $30,000 or $50,000 policy limits, Allstate contends that, including Plaintiff's extra-contractual claims, which carry the potential for treble damages, the amount in controversy exceeds $75,000.[2] Allstate contends this includes "three times her actual damages per the Texas Insurance Code" and "exemplary damages" despite the fact that Plaintiff has not expressly pled these damages. It is unclear from the petition whether Plaintiff is bringing her bad faith claims as common-law or statutory claims. She does not cite any statutory provisions, but she does use language that tracks sections of § 541.060 governing unfair settlement practices, specifically § 541.060(a)(2)(A) ("failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of: (A) a claim with respect to which the insurer's liability has become reasonably

---

[2] Allstate argues that Plaintiff's allegations that her damages amounts from the accident exceed the policy limits of her UIM coverage means that her claim is not controlled by policy limits for amount-in-controversy purposes. But Plaintiff is merely alleging that Allstate should have paid the full amount of her UIM policy limits because her damages from the accident exceed the policy limits. That does not mean that Plaintiff is seeking in excess of policy limits from Allstate on her UIM contract-based declaratory judgment claim. However, as noted, Plaintiff does assert extra-contractual claims and seeks damages "proximately caused by Allstate's breach of its duty of good faith and fair dealing." These extra-contractual claims are not controlled by the policy limits in the way that contract-based claims are.

4

clear") and § 541.060(a)(7) ("refusing to pay a claim without conducting a reasonable investigation with respect to the claim").

As noted, Plaintiff does not expressly seek treble damages or punitive damages, though these types of damages would be available for the extra-contractual claims. Further, Plaintiff's petition seeks attorneys' fees under the Texas Declaratory Judgment Act, and does not expressly seek them for her bad-faith claims, though attorneys' fees are available under Chapter 541. *Lyda Swinerton Builders, Inc. v. Oklahoma Surety Co.*, 903 F.3d 435, 450 (5th Cir. 2018) (noting that a person who sustains actual damages caused by their insurer's violations of Chapter 541 may recover "the amount of actual damages, plus court costs and reasonable and necessary attorney's fees," with treble damages available if the insurer is found to have committed the prohibited acts "knowingly"); TEX. INS. CODE § 541.152(a) ("A plaintiff who prevails in an action under this subchapter may obtain: (1) the amount of actual damages, plus court costs and reasonable and necessary attorney's fees."). However, Plaintiff's petition expressly seeks damages in excess of $250,000, which indicates she intends to seek these types of extra-contractual damages despite the failure to expressly plead them.

Thus, even if damages for her contract-based declaratory judgment claim are capped by the policy limits, Plaintiff has not shown as a matter of legal certainty that the amount in controversy is less than $75,000, given her inclusion of extra-contractual claims that could permit an award of attorney's fees and treble damages, and her express statement that "Plaintiff is seeking damages in excess of $250,000," a statement she has not disavowed.[3] Although Plaintiff's petition is not a model of clarity, the Court finds that the assertion of extra-contractual claims and Plaintiff's affirmative statement that she is seeking damages in excess of $250,000

---

[3] Allstate contends that Plaintiff's pre-suit demand asserted that her claim exceeds $100,000, citing the Notice of Removal and Amended Notice of Removal. However, neither document mentions a pre-suit demand, nor does it include any such demand.

provide sufficient evidence that the amount in controversy exceeds $75,000. Therefore, the Court denies Plaintiff's motion for leave to file a motion to remand. Plaintiff's related request to dismiss her extra-contractual claims and then remand is also denied, as jurisdiction became fixed at the time of removal, and post-removal changes in Plaintiff's claims to reduce the amount in controversy do not divest the Court of jurisdiction.

## B. Allstate's Motion to Dismiss

Since the Texas Supreme Court's decision in *Brainard v. Trinity Universal Insurance Co.*, 216 S.W.3d 809, 818 (Tex. 2006), Allstate has flatly refused to pay any UIM benefits until its insured first obtains a court judgment against the uninsured motorist, and has taken the position that its insureds may not pursue any court claim against it, including a declaratory judgment claim, unless they have first separately obtained a judgment against the uninsured tortfeasor. Allstate's motion to dismiss is mostly premised on this argument. *See* ECF No. 2 at ¶ 4 ("Most importantly, Plaintiff does not allege that she has obtained a judgment establishing her legal entitlement to recover benefits from the alleged tortfeasor."). Thus, Allstate contends that the declaratory judgment claim must be dismissed because Plaintiff has not obtained a prior judgment against the underinsured motorist. Allstate's main argument for dismissal of Plaintiff's extra-contractual claims is also primarily reliant on Allstate's position that a UIM insured must first separately obtain a judgment establishing their legal entitlement to recover from the underinsured tortfeasor, because generally there can be no recovery of policy benefits for an insurer's statutory violation if the insured does not have a right to those benefits under the policy and no contractual benefits are due at this time. *Id.* ¶¶ 12, 18. Allstate further contends that Plaintiff's claims under Insurance Code Chapters 541 and 542[4] must be dismissed because she fails to identify a specific statutory provision and has pleaded in a conclusory fashion. And

---

[4] The Court concludes that Plaintiff's petition does not assert a Chapter 542 claim.

6

Allstate contends that any common-law bad-faith claim must be dismissed because the pleadings are conclusory and fail to plead facts showing that liability is reasonably clear. Allstate asserts that liability cannot be reasonably clear until the Plaintiff has obtained a judgment against the tortfeasor.

As to the declaratory judgment claim, the Undersigned has repeatedly rejected Allstate's position that a UIM insured must obtain a judgment against the tortfeasor before the insured can file suit against Allstate for UIM benefits. Instead, the Court has allowed insureds to use a declaratory judgment action as a method to settle the liability and damages issues in the UIM context, allowing the insured to establish the tortfeasor's liability, Plaintiff's damages, and the insurer's UIM liability all at the same time. *See Ochoa v. Allstate Fire & Cas. Co.*, No. SA-20-CV-319-XR, 2020 WL 2129252, at *2 (W.D. Tex. May 5, 2020) ("[T]he Court finds unconvincing Defendant's argument that Plaintiff must separately obtain a determination of liability and damages before she can litigate UIM coverage.").

Other courts have also taken this position. *Moya v. Allsate Fire & Cas. Ins. Co.*, No. SA-21-CV-0009-FB, 2021 WL 2917075, at *5 (W.D. Tex. Apr. 8, 2021) (report and recommendation) ("Texas appellate courts and federal district courts have both endorsed the use of a declaratory judgment action as a method to settle the liability and damages issues in the UIM context."). This Court found that simultaneously litigating the uninsured motorist's liability and damages and the UIM coverage claim appeared to be endorsed by the Texas Supreme Court in *Brainard*,[5] and that use of a declaratory judgment action to do so had been expressly approved by the San Antonio Court of Appeals in *Allstate Insurance Co. v. Irwin*, No. 04-18-293-CV,

---

[5] *Green v. Allstate Fire & Cas. Ins. Co.*, No. SA-19-CV-360-XR, 2019 WL 2744183, at *2 (W.D. Tex. July 1, 2019) ("The [*Brainard*] opinion states, 'the insured is not required to obtain a judgment against the tortfeasor' and '[t]he insured may settle with the tortfeasor ... and then litigate UIM coverage with the insurer.' *Id*. This clearly indicates that an insured can litigate the issue of UIM coverage with the insurer without first obtaining a judgment against the tortfeasor.").

2019 WL 3937281, at *2 (Tex. App.—San Antonio Aug. 21, 2019) and the Texarkana Court of Appeals in *Allstate Insurance Co. v. Jordan*, 503 S.W.3d 450, 456 (Tex. App.—Texarkana 2016, no pet.), though these courts disagreed on the availability of attorneys' fees to the insured in such actions (the San Antonio Court of Appeals held that attorneys' fees could be recovered while the Texarkana Court of Appeals held they could not).

The Texas Supreme Court decided this issue in *Allstate Insurance Co. v. Irwin*, 627 S.W.3d 263 (Tex. 2021), ruling against Allstate's position that an insured may not file a declaratory judgment action to simultaneously obtain a judgment against the tortfeasor and litigate UIM coverage. Allstate filed its motion to dismiss in this case, which continues its misplaced reliance on *Brainard* to argue that a prior judgment is required, on May 25, 2021, four days after the Texas Supreme Court affirmed the San Antonio Court of Appeals in *Irwin*. And Allstate filed its reply brief on August 11, more than two months after *Irwin* was issued, yet continued to improperly cite *Brainard* and did not cite *Irwin*. Allstate cannot claim ignorance of this decision, given that Allstate was the losing appellant in the case. Allstate is warned that it has a duty of candor to the Court to cite controlling adverse authority, and further motions to dismiss based on Allstate's losing position may be met with sanctions.

In *Irwin*, the Texas Supreme Court reiterated its language in *Brainard* that "a judgment establishing these prerequisites to coverage may be obtained in a direct action against the insurance carrier" and affirmed the San Antonio court's holding that an insurance carrier's liability for benefits under the UIM policy may be established in a declaratory judgment action that simultaneously litigates the tortfeasor's liability. Moreover, the Texas Supreme Court agreed with the San Antonio Court of Appeals that the insured may recover its attorneys' fees incurred in litigating the Declaratory Judgment Act claim to establish the prerequisites for a UIM claim

under the policy. Therefore, Allstate's position that Plaintiff cannot assert any claims, including a declaratory judgment claim, until she obtains a prior judgment against the underinsured driver is clearly erroneous. The motion to dismiss the declaratory judgment claim is denied, though Plaintiff is given leave to replead under the federal declaratory judgment act.

As to Plaintiff's extra-contractual claims, the petition is not a model of clarity. Plaintiff's response to the motion to dismiss does not brief whether her claims survive a Rule 12(b)(6) analysis, and thus sheds no light on the issues. Nevertheless, the motion must be decided on its merits. As noted, it is unclear whether Plaintiff is pursuing a common-law bad faith claim or is asserting claims under Chapter 541, or both. As concluded above, because her petition tracks the language of § 541.060, a fair reading of the petition indicates that she is asserting claims under § 541.060. Plaintiff alleges that she has provided Allstate with notice of her UIM claim and proof of loss, and has met all conditions precedent, but Allstate "has not offered Plaintiff a prompt, fair, or equitable settlement." Petn. at ¶ 6.2. Plaintiff alleges that Allstate has determined that the other motorist was uninsured at the time of the occurrence, the evidence conclusively establishes that Plaintiff is entitled to UM/UIM coverage and that her damages exceed the policy limits of such coverage, and Allstate has failed to reasonably investigate Plaintiff's claims and has failed to attempt in good faith to effectuate a prompt, fair, and equitable settlement of Plaintiff's claims when it knew or should have known that it was reasonably clear that the claims were covered. These claims track the language of § 541.060(a)(2)(A) and 541.060(a)(7).

The Court will grant Allstate's motion to dismiss the extra-contractual bad-faith claims but will provide Plaintiff an opportunity to replead her these claims to specify whether they are common law or statutory, to cite the applicable statutory provisions if warranted, and to provide factual detail in support of the claims. The Court does not find that repleading would be futile.

The Court rejects Allstate's argument that liability cannot be reasonably clear until Plaintiff obtains a judgment against the uninsured motorist. Allstate relies on *Wellisch v. United Services Automobile Association*, 75 S.W.3d 53, 57 (Tex. App.–San Antonio, pet denied), but the Fifth Circuit in *Hamburger v. State Farm Mutual Automobile Insurance Co.*, 361 F.3d 875, 880-81 (5th Cir. 2004), rejected the argument that liability cannot be reasonably clear until the insured is found in a legal proceeding to be entitled to recover.

Instead, most courts have found that an insured may pursue extra-contractual bad-faith claims for failure to pay or settle before the insured obtains a judgment against the tortfeasor. As one federal court has explained:

> In *Hamburger*, the Fifth Circuit implicitly recognized that there may be cases in which an insurer's liability to pay UM/UIM benefits is reasonably clear despite the fact that no judicial determination of the UM/UIM's liability has been made. When a reasonable investigation reveals overwhelming evidence of the UM/UIM's fault, the judicial determination that triggers the insurer's obligation to pay is no more than a formality. In such cases, an insurer may act in bad faith by delaying payment and insisting that the insured litigate liability and damages before paying benefits on a claim.

*Accardo v. Am. First Lloyds Ins. Co.*, No. H-11-0008, 2012 WL 1576022, at *5 (S.D. Tex. May 3, 2012).[6] In 2019, the San Antonio Court of Appeals found that *Hamburger* and subsequent federal cases were correct, and held that "an insurer can act in bad faith by failing to reasonably investigate or delaying payment on a claim for uninsured motorist benefits until after the insured obtains a judgment establishing the liability and uninsured status of the other motorist." *State Farm Mut. Auto. Ass'n v. Cook*, 591 S.W.3d 677, 683 (Tex. App.—San Antonio 2019, no pet.).

---

[6] *See also Trejo v. Allstate Fire & Cas. Ins. Co.*, No. SA-19-CV-00180-FB-ESC, 2019 WL 4545614, at *8-9 (W.D. Tex. Sept. 19, 2019)(Magistrate Report & Recommendation); *Fowler v. General Ins. Co. of Am.*, No. 3:14-CV2596-G, 2014 WL 5879490, at *3 (N.D. Tex. Nov. 13, 2014) ("Whereas a plaintiff cannot assert a contractual claim until her 'legal entitlement is established' by a judicial ruling, a plaintiff can assert an extracontractual claim prior to a judgment creating a legal entitlement. *Id*. In other words, an insurer's liability can be 'reasonably clear' prior to a judgment.").

In 2020, the Fort Worth Court of Appeals agreed with *Cook* and held that "*Arnold*, as modified by *Murray*, contemplates the accrual of an obligation to pay UM/UIM benefits from the insurer's *contractual* handling and adjustment of the claim and holds that forcing an insured to prosecute a direct action for benefits when the insurer's liability is reasonably clear constitutes a breach of its duty of good faith and fair dealing." *In re State Farm Mut. Auto. Ins. Co.*, 614 S.W.3d 316, 321 (Tex. App.—Fort Worth 2020, orig. proc.) (emphasis in original).[7]

## Conclusion

Allstate's motion to dismiss (ECF No. 2) is GRANTED IN PART AND DENIED IN PART. The motion to dismiss the declaratory judgment claim is denied. The motion to dismiss the extra-contractual bad-faith claims is GRANTED. Because Plaintiff's claims as pled are murky and do not contain facts establishing a failure to investigate or failure to settle after liability has become reasonably clear, the Court grants leave to replead. Plaintiff is therefore given leave to file an amended complaint **no later than October 8, 2021**. Plaintiff should clarify whether she is asserting claims under Chapter 541 and should plead more than the statutory language. Plaintiff may also plead under the federal Declaratory Judgment Act.

SIGNED September 22, 2021.

_____
XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE

---

[7] Although Allstate also relies on *Weber v. Progressive County Mutual Insurance Co.,* No. 05-17-00163-CV, 2018 WL 564001 (Tex. App.—Dallas Jan. 26, 2018, pet. denied), that case dismissed the UIM claim for breach of contract (not declaratory judgment) and dismissed the § 541.060 claims because the plaintiff relied only on the as-yet-unadopted "exhaustion doctrine" to establish the Insurance Code violations. The Court does not find *Weber* persuasive.